UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20422-CIV-SCOLA/O'SULLIVAN

NONA KOOGLE,

    Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY,

    Defendant.

_____/

## ORDER

THIS MATTER is before the Court on to the Defendant's Motion to Strike Plaintiff's Claim for Consequential Losses (DE# 5, 3/9/11). Having reviewed the motion, the plaintiff's response (DE# 11, 4/5/11), and the defendant's reply (DE# 18 4/12/11), and the law, it is

ORDERED AND ADJUDGED that the Defendant's Motion to Strike Plaintiff's Claim for Consequential Losses (DE# 5, 3/9/11) is **GRANTED**.

## Background

The plaintiff filed a breach of contract action pursuant to 29 U.S.C. §1132(a)(3), §502(a) of Employment Retirement Income Security Act (ERISA) "seek[ing] damages against the Defendant for the direct, foreseeable and consequential losses she [allegedly] suffered due to the Defendant's breach of the contract including but not limited to the amount she financed to have the surgery done, interest on the financed amount, follow-up care, attorney's fees, and court costs." Complaint, Prayer for Relief (DE# 1, 2/7/11). The alleged breach is that the defendant failed to approve and pay for the plaintiff's bariatric surgery. Id. at ¶ 18.

Defendant filed a Motion to Strike Plaintiff's Claim for Consequential Losses (hereinafter "Motion to Strike"). (DE# 5, 3/9/11). The defendant contends that ERISA

does not authorize recovery of consequential damages, that is the interest on the financed amount the plaintiff incurred to pay for the surgery.

## ANALYSIS

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The purpose of a motion to strike is 'to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'"  Hutchings v. Federal Ins. Co., 2008 WL 4186994, at *2 (M.D. Fla. 2008) (quoting McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002)).  "Motions to strike are generally disfavored and are usually denied 'unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC., No. 09-61490, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) (quoting Scelta v. Delicatessen Support Servs., Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1999)). They should only be granted when it is required for the purposes of justice. Badesch v. Aetna Health, Inc., 07-80991, 2008 WL 2856599, at *1 (S.D. Fla. 7/23/2008).  The defendant seeks to strike the plaintiff's claim for consequential losses, including interest on a financed amount. (DE# 5 at 1, 3/9/11).

In McRae v. Seafareer's Welfare Plan, 920 F.2d 819 (11th Cir. 1991), the Eleventh Circuit held that extra-contractual damages are not available under subsection 502(a)(3) of ERISA relying on the framework provided by the Supreme Court in Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134 (1985).  In McRae, the Eleventh Circuit acknowledged that "[a]lthough the United States Supreme Court has not conclusively spoken on the issue of whether ERISA § 502(a)(3)[, 29 U.S.C. §

2

1132(a)(3),] encompasses extra-contractual or punitive damages, it has provided the framework and the guidelines for us to use in making this decision." Id. at 821 (footnote omitted).   Relief under ERISA may take the form of accrued benefits due, a declaratory judgment on entitlement of benefits, or an injunction against a plan's administrator's improper refusal to pay benefits. See Depass v. UNUM, Case No.10-23612, 2011 WL197389 at *2 (S.D. Fla. 1/20/2011). Interest on a financial amount is not a plan benefit and is not provided for under ERISA's civil remedy scheme. See, Grigsby v. Restaurant Mgmt. Services, Case No.94-115-Civ-T-17E,1994 WL 855090 at *2 (M.D. Fla. 1994).

The plaintiff's reliance on Varity Corp. v. Howe, 516 U.S. 489 (1996) is misplaced. In Varity Corp, the issue was whether extra-contractual relief was owed for fiduciary breach.  Sub-section (a)(1)(B) of ERISA expressly provides in pertinent part:

> A civil action may be brought ... to recover benefits due him under the terms of his plan ....

29 U.S.C. § 1132(a)(1)(B).  Unlike Varity Corp., which involved a claim for breach of fiduciary duty, the plaintiff in the present action asserts a single claim for breach of contract.

## CONCLUSION

Because ERISA does not authorize recovery of consequential damages, the defendant's Motion to Strike (DE# 36, 3/14/11) is **GRANTED**  in its entirety.

DONE AND ORDERED in Chambers at Miami, Florida this 14th day of December, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Scola
Counsel of Record

3